IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| BURNIE R. ROSS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-CV-24 (WLS) |
| | : | |
| EQUITY GROUP, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Presently pending before the Court is Defendant Equity Group's Motion for Summary Judgment (Doc. 21). For the following reasons, Defendant Equity Group's Motion for Summary Judgment (Doc. 21) is **GRANTED.**

**I.   PROCEDURAL HISTORY**

On September 5, 2012, Plaintiff Burnie Ross filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 26 at ¶ 10.) On November 21, 2012, Ross received a right-to-sue letter from that agency and filed suit within ninety days of receipt thereof. (*Id.* at ¶ 19.) Although the complaint alleged race and sex discrimination and retaliation, Ross "only pursues her claim for race and sex based discrimination for failure to promote." (Doc. 25 at 2-3.)

On July 11, 2014, Defendant Equity Group moved for summary judgment on all claims in Ross' complaint. (Doc. 21.) In support of summary judgment, Equity Group contends: (1) Ross' claims are barred by judicial estoppel because she failed to identify her instant claims as personal property in a bankruptcy proceeding; and (2) Ross failed to establish a prima facie case of discrimination. (*See* Doc. 21-1.) Ross filed a response and Equity Group timely replied thereto. (*See* Docs. 25-27.) Accordingly, the above-referenced Motion is ripe for review. *See* M.D. Ga. L.R. 7.3.1(a). Because the Court finds Equity Group's sec-

1

ond ground for summary judgment dispositive, the Court will not address the issue of judicial estoppel.

**II.     SUMMARY JUDGMENT STANDARD**

   **A.     Federal Rule of Civil Procedure 56**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 F. App'x 842, 848 (11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or 'show that there is some metaphysical doubt as to the material facts.' " *Matsuhita*, 475 U.S. at 586 (citations omitted). Instead, the nonmovant must

2

point to record evidence that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### B. Local Rule 56

Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56. Here, Equity Group properly filed a summary judgment motion with a statement of undisputed facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (*See* Doc. 21-2.) Likewise, Ross filed the proper response to Equity Group's statement of material facts. (Doc. 26.) Having established the applicable standards, the Court will proceed to the facts.

### III. RELEVANT FACTUAL BACKGROUND

The following facts are derived from the Complaint (Doc. 1); Equity Group's Answer (Doc. 13); Equity Group's Statement of Material Facts (Doc. 21-2); and Ross' Response to Equity Group's Statement of Material Facts (Doc. 26); and the record in this case. Where

relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Ross as the nonmoving party. *See* Fed. R. Civ. P. 56; *Celotex*, 477 U.S. at 322-23.

Plaintiff Burnie R. Ross, an African American female, is employed by Defendant Equity Group, a poultry processing plant in Camilla, Georgia. (*See* Doc. 1.) Ross worked in several capacities at Equity Group before receiving her position as a Quality Control Specialist ("QCS") in 2005. (Docs. 25-1 at ¶¶ 1 & 3, 26 at ¶ 1.) William Blythe, an African American male, is the former Complex Human Resources Manager for Equity Group. (Doc. 26 at ¶ 31.) Following the termination of a QCS, Blythe decided not to hire a new QCS and instead assigned that person's duties to other QCSs, including Ross and Eddie Dewberry. (Doc. 21-16 at ¶¶ 12-14.)

In March or April 2012, Blythe posted an open position for Breeder Flock Representative ("BFR") on various employment websites, consistent with Equity Group's hiring policies. (*Id.* at ¶¶ 15 & 16.) Prior to that time, in routine discussions, Blythe told employees that open hourly positions would be posted on employee bulletin boards but salaried positions would only be posted on certain websites. (*Id.* at ¶¶ 17 & 18.) Blythe never told Ross that salaried positions were not posted on employee bulletin boards. (*See* Doc. 25-1 at ¶ 4.) Ross first learned of the hiring process for salaried positions in July 2012 from Sandra Williams, the Human Resources Manager at that time. (*Id.* at ¶ 6.)

After reviewing twenty-one applications for the BFR position, Blythe determined that only seven individuals possessed the experience, education, and qualifications necessary for the open position. (Doc. 21-16 at ¶ 21.) Blythe spoke with Ross on numerous occasions, but Ross never expressed to him an interest in any salaried positions or promotions. (*Id.* at ¶¶ 25-28.) Ross expressed her interest in the BFR position to Steve Whitaker, the Breeder Flock Program Manager, and Fred Brogren, Ross' direct supervisor. (Doc. 25-1 at ¶ 4.) Ross did not submit an application for the BFR position. (Doc. at ¶ 29.)

**IV.       DISCUSSION**

To make out a *prima facie* case of race or sex discrimination on a failure to promote claim, the plaintiff must prove: "(1) [s]he was a member of a protected class; (2) [s]he was qualified for and applied for the promotion; (3) [s]he was rejected in spite of [her] qualifications; and (4) the person who received the promotion was not a member of the plaintiff's protected group." *Paul v. Americold Logistics, LLC*, 450 F. App'x 850, 852 (11th Cir. 2012) (citing *Walker v. Mortham*, 158 F.3d 1177, 1185-93 (11th Cir. 1998)). A plaintiff's failure to apply for the promotion in question is excused where the plaintiff "establishes that the company had some reason or duty to consider [her] for the post." *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1133 (11th Cir. 1984).

Equity Group concedes that Ross is a member of a protected class and the individuals who were given the promotion are outside of that group. (*See* Doc. 21-1 at 11-12.) Equity Group argues that it is entitled to summary judgment, however, because Ross never applied for the promotion and the promoted individuals were more qualified than Ross. (*Id.* at 13.) Ross concedes that she did not apply for the promotion, but states that she erroneously believed that all positions were posted on employee bulletin boards and, because she was given that belief by Equity Group, she was prevented from applying for the job. (Doc. 25 at 11-13.) Ross also states that Equity Group knew or should have known that she was interested in the promotion because she conveyed her interest to the Breeder Flock Program Manager and her direct supervisor. (*Id.*)

The Court finds that Ross failed to meet her burden of establishing a prima facie case because she did not apply for the BFR position. The cases cited by Ross that excuse a plaintiff's failure to apply for a promotion involve "informal and subjective" or "vague and secretive" promotions policies, *see Lyoch v. Anheuser-Busch Cos., Inc.*, 139 F.3d 612, 615-16 (8th Cir. 1998), employer's actions that make it impossible for a person to apply for a promotion, *see Kehoe v. Anheuser-Busch, Inc.*, 96 F.3d 1095, 1105 n.13 (8th Cir. 1996), lack of formal procedures for posting notices of job openings, *see Carmichael*, 738 F.2d at 1133, and plaintiffs "making every reasonable attempt to convey [her] interest in the job to the employer." *See EEOC v. Metal Serv. Co.*, 892 F.2d 341, 348 (3d Cir. 1990).

The record evidence establishes that Ross did not make every reasonable effort to learn of the hiring policy before the BFR position was filled. While she did communicate her interest in the referenced position to the Breeder Flock Representative Manager and her direct supervisor, those individuals were not involved in the hiring process. Equity Group had an established procedure for hiring and promotions, and at least five employees of Equity Group stated their knowledge of that procedure. (Docs. 21-16—21-20.) Further, Ross admits that she was able to learn the promotions policy after the BFR position was filled. No showing has been made that Ross could not have learned of the policy before that time. Further, at least twenty-one people submitted applications for the BFR position and one of the individuals selected for the BFR position referenced the internet website in his cover letter. (*See* Doc. 27-2.) Even when construing the facts in Ross' favor, the evidence is clear and undisputed that Equity Group had an established policy for hiring and promoting individuals and Ross failed to apply for the BFR position in accordance with that policy. Accordingly, the Court finds that Ross failed to meet her burden of establishing a prima facie case of discrimination.

## CONCLUSION

For the foregoing reasons, Equity Group's Motion for Summary Judgment (Doc. 21) is **GRANTED.** It is hereby **ORDERED AND ADJUDGED** that Ross shall take nothing by her Complaint (Doc. 1), and **JUDGMENT** shall be entered in favor of Equity Group.

**SO ORDERED**, this  18th  day of November 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**